1   RENÉ P. VOSS (CA Bar No. 255758)
    Natural Resources Law
2   15 Alderney Road
    San Anselmo, CA  94960
3   Tel: (415) 446-9027
    renepvoss@gmail.com
4   *Attorney for Plaintiff*

5   SALLY J. SULLIVAN (DC Bar No. 1021930)
    Trial Attorney
6   U.S. Department of Justice
    Environment & Natural Resources Division
7   Natural Resources Section
    4 Constitution Square
8   150 M Street NE
    Washington, DC 20002
9   Tel: (202) 514-9269
    sally.sullivan@usdoj.gov
10  *Attorney for Defendants*

11  *Additional attorney information on signature page*

12
## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
13
## SAN FRANCISCO DIVISION

14 | ENVIRONMENTAL PROTECTION | Case No. 3:19-cv-6643-EMC
15 | INFORMATION CENTER, |

16 | Plaintiff, | **SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL**

17 | v. | **Administrative Procedure Act Case, 5 U.S.C. § 701 *et seq.***

18 | ANN CARLSON, in her official capacity
19 | as the Forest Supervisor of the Mendocino
   | National Forest; and the UNITED STATES
   | FOREST SERVICE,

20 | Defendants.

21

22

23

24

This Settlement Agreement and Stipulation of Dismissal ("Agreement" or "Stipulation"), is entered into by and between Plaintiff Environmental Protection Information Center ("EPIC" or "Plaintiff"), and Defendants Ann Carlson, in her official capacity as the Forest Supervisor for the Mendocino National Forest, and the United States Forest Service (collectively, the "Forest Service" or "Defendants"), (together, the "Parties"), and fully and finally resolves the claims brought by Plaintiff in the above-captioned litigation.  The Parties, by and through their undersigned counsel, state as follows:

1.      WHEREAS, on October 16, 2019, EPIC filed suit alleging that the Forest Service violated the National Environmental Policy Act ("NEPA") in approving the Ranch Fire Roadside Hazard Tree Project (the "Project").  ECF No. 1.

2.      WHEREAS, Defendants dispute Plaintiff's allegations and deny that Plaintiff is entitled to its requested relief.  ECF No. 67.

3.      WHEREAS, EPIC sought both a temporary restraining order and preliminary injunction.  ECF Nos. 11, 18.

4.      WHEREAS, on December 10, 2019, this Court denied EPIC's motion for preliminary injunction.  ECF No. 56.

5.      WHEREAS, EPIC appealed that order to the Ninth Circuit.  ECF No. 61.

6.      WHEREAS, following briefing from EPIC, the Forest Service, and Intervenor-Appellee, Sierra Pacific Industries ("Intervenor-Appellee"), a Ninth Circuit panel including Judge Fletcher, Judge Lee, and Judge Settle of the Western District of Washington (sitting by designation) heard argument on May 27, 2020.

7.     WHEREAS, on August 3, 2020, a divided panel issued a published opinion reversing this Court's order denying EPIC's request for a preliminary injunction.  ECF No. 73.  Judge Fletcher, joined by Judge Settle, wrote for the majority and Judge Lee dissented.  *See id.*

8.     WHEREAS, the Forest Service petitioned for panel rehearing on October 1, 2020.  Intervenor-Appellee petitioned for panel rehearing and rehearing *en banc* on October 2, 2020.

9.     WHEREAS, on October 27, 2020, the Ninth Circuit entered an order denying the petitions.  Judge Fletcher and Judge Settle voted to deny the petitions for panel rehearing.  Judge Lee voted to grant the petitions for panel rehearing.  Judge Fletcher and Judge Lee voted to deny the petition for rehearing *en banc*, and Judge Settle so recommended.  No judge of the court requested a vote on whether to rehear the matter *en banc*.  ECF No. 78.

10.     WHEREAS, on November 4, 2020, the Ninth Circuit issued the mandate to this Court.  ECF No. 79.

11.     WHEREAS, on November 10, 2020, the parties filed a Joint Status Report with the Court describing the status of Project activities and the Parties' discussions regarding a potential out-of-court resolution.  ECF No. 80.

12.     WHEREAS, on November 18, 2020, Plaintiff filed an unopposed motion in the Ninth Circuit to transfer consideration of attorneys' fees on appeal to this Court, and on December 3, 2020, the panel issued an order transferring consideration of attorneys' fees on appeal to this Court.  ECF No. 81.

13.     WHEREAS, the Parties have reached a resolution, which will fully and finally resolve this litigation, including Plaintiff's claim to attorneys' fees and costs, and which they believe to be fair and adequate, and, on that basis, submit this Stipulation.

**NOW THEREFORE**, it is stipulated by and between the Parties as follows:

1.      The Forest Service will not proceed with the following previously-approved commercial timber sales: Bartlett Roadside Fire Salvage; Deer Valley Roadside Fire Salvage; M3 Roadside Fire Salvage; M5-Pacific Roadside Fire Salvage; M10 West Roadside Fire Salvage; or Pine Mountain Roadside Fire Salvage.

2.      The Forest Service may proceed with operations under the M10-Letts Stewardship Agreement, which involves three funding-contingent phases of primarily non-commercial, non-sawtimber activities.  Phase 1 is currently in progress, and the stewardship recipient, the California Mule Deer Foundation, will continue removing cull decks of material that has deteriorated to the point it is no longer suitable for traditional sawtimber product. Phases 2 and 3, which both involve primarily non-commercial hazard tree abatement and associated hazardous fuels reduction in the M10-Letts project area, are contingent on the availability of funds and are not currently in progress.

3.      The Forest Service may continue to remove hazard trees for non-sawtimber, primarily non-commercial purposes, and dispose of excess downed fuels in accordance with Forest Plan standards, in the entire Project Area.  Such removal will follow the Forest's operative hazard tree identification criteria contained in the Hazard Tree Guidelines for Forest Service Facilities and Roads in the Pacific Southwest Region (Angwin et al. 2012), AR000449-AR000488, and may consist of:

     a.    dropping and treating fuel loading on site of larger hazard trees (greater than 14" dbh); and

     b.    removing smaller hazard trees (less than 14" dbh) to avoid excess fuel loadings.

4.      Trees felled or removed consistent with paragraph 3 may be disposed of through any of the following means: pile and burn; masticate or chip; and disposal through service

contracts.  Small diameter material (less than 14" dbh) may also be removed as biomass or other forest-related products such as chip board, fuelwood, and fence posts, but not as saw logs.

5.      The Forest Service may remove any cull logs[1] that were decked as of the date of the filing of this Stipulation.

6.      Subject to paragraph 7 below, the Parties agree to settle Plaintiff's claim to attorneys' fees and costs in this litigation for a total payment of $191,000.00 pursuant to the Equal Access to Justice Act, 5 U.S.C. § 2412 *et seq.* or any other statute, in full and complete satisfaction of any and all claims, demands, rights, and causes of action Plaintiff may have for the recovery of attorneys' fees or litigation costs in this matter.

7.      Defendants' payment, as identified in paragraph 6 above, shall be accomplished by electronic funds transfer to Plaintiff's counsel's IOLTA account on behalf of Plaintiff. Counsel for Plaintiff will provide counsel for Defendants the appropriate account number and other information needed to facilitate payment.  Defendants shall submit the necessary paperwork for the payment within forty five (45) days after (a) Plaintiff provides the information necessary to facilitate payment, or (b) the Court issues the Order described in paragraph 10 below, whichever is later.

8.      Counsel for Plaintiff acknowledge that they are receiving payment on behalf of Plaintiff and that they will distribute the appropriate settlement proceeds to Plaintiff.  Plaintiff agrees to this procedure.  Counsel for Plaintiff shall confirm payment within ten (10) days of receipt.  Plaintiff also acknowledges that under 31 U.S.C. §§ 3711, 3716, 26 U.S.C. § 6402(d),

---

[1] Cull logs are damaged trees, of any size, that are not merchantable as saw logs.  The wood has now deteriorated to the point that is has no commercial value.  Cull decks are piles of cull logs.

31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States will offset against the award of attorneys' fees and costs Plaintiffs' delinquent debts to the United States, if any.  *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

9.      Plaintiff and their attorneys agree to hold harmless Defendants in any litigation, further suit, or claim arising from the payment of the agreed upon $191,000.00 settlement amount.

10.     The Parties stipulate and agree and hereby request that the Court enter an order approving this Agreement and dismissing this action in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

11.     This Agreement does not constitute, and shall not be construed as, an admission or concession on the part of any Party with respect to any fact, claim, or defense in this action. This Agreement shall have no precedential value. Plaintiff and Defendants agree that this Agreement will not be used as evidence or otherwise in any pending or future civil or administrative action by or against Defendants, or the United States, or any agency or instrumentality of the United States.  Defendants do not waive any defenses they may have concerning the claims settled under this Agreement.

12.     Nothing in this Agreement prohibits Defendants from undertaking new projects or agency actions within the original Project Area.

13.     Nothing in this Agreement prohibits Plaintiff from filing future lawsuits against Defendants to challenge any future final agency action undertaken by Defendants.

14.     The Agreement contains all of the agreements between Plaintiff and Defendants, and is intended to be the complete and final agreement between them.  Plaintiff and Defendants agree that any prior or contemporaneous representations or understanding not explicitly

contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

15.    The undersigned representatives of each Party certify that they are fully authorized by the Parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

16.    This Agreement becomes effective on the date the Court issues the Order referenced in paragraph 10 above.

DATED:  April 5, 2021

*/s/ René P. Voss*
René P. Voss (CA Bar No. 255758)
Natural Resources Law
15 Alderney Road
San Anselmo, CA  94960
(415) 446-9027
renepvoss@gmail.com

Matt Kenna (CO Bar No. 22159)
Public Interest Environmental Law
679 E. 2nd Ave., Suite 11B
Durango, CO 81301
(970) 749-9149
matt@kenna.net
*Pro Hac Vice*

*Attorneys for Plaintiff*


JEAN E. WILLIAMS
Acting Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Sally J. Sullivan*
SALLY J. SULLIVAN (DC Bar No. 1021930)
Trial Attorney
JOHN P. TUSTIN (TX Bar No. 24056458)
Senior Attorney
U.S. Department of Justice
Environment & Natural Resources Division

SETTLEMENT AGREEMENT & STIPULATION OF DISMISSAL                    7
CASE NO. 3:19-CV-6643-EMC

Natural Resources Section
4 Constitution Square
150 M Street NE
Washington, DC 20002
Tel:    (202) 514-9269 (Sullivan)
        (202) 305-3022 (Tustin)
Fax:    (202) 305-0506
sally.sullivan@usdoj.gov
john.tustin@usdoj.gov

Of Counsel:
    Ritu Ahuja
    Attorney
    Office of the General Counsel
    U.S. Department of Agriculture

*Attorneys for Defendants*